*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KAREN PEPPER,

      Plaintiff-Appellant,

v

BATTLE CREEK HEALTH SYSTEM, also known as BATTLE CREEK HOSPITAL, doing business as FIELDSTONE CENTER,

      Defendant-Appellee.

UNPUBLISHED
July 30, 2020

No. 348114
Kalamazoo Circuit Court
LC No. 2018-000341-CZ

Before: BORRELLO, P.J., and SAWYER and SERVITTO, JJ.

PER CURIAM.

In this action stemming from defendant's disclosure of plaintiff's medical records, plaintiff appeals as of right the trial court's order granting defendant's motion for summary disposition under MCR 2.116(C)(8). For the reasons set forth in this opinion, we affirm in part and reverse in part.

## I. BACKGROUND

According to plaintiff's complaint, plaintiff was "a parolee in the federal court system" on May 30, 2017, and was being treated as an outpatient at the Kalamazoo Probation Enhancement Program (KPEP) in Kalamazoo County from June 2017 to May 30, 2018. At some point during this time period, plaintiff visited defendant to obtain medical treatment and "filled out a form indicating clearly that the defendant should not release substance abuse information to any third party." Plaintiff alleged in her complaint that "[d]espite the clear instructions that the defendant not send the medical records in question to a third party, the defendant nevertheless sent medical records to [plaintiff's] therapist at K-PEP, which included highly embarrassing and personal information about [plaintiff] about substance abuse and other things that she didn't want disclosed." Plaintiff further alleged that she believed that KPEP sent the records it had received from defendant to plaintiff's parole officer. Plaintiff claimed that she suffered severe emotional distress, medical, and psychological problems as a result of the disclosure.

Plaintiff initiated this action in July, 2018, alleging two counts. First, plaintiff claimed that defendant made a public disclosure of private facts by "sending highly embarrassing and personal medical information to K-PEP" without plaintiff's consent. Second, plaintiff claimed that defendant was negligent by breaching its duty under certain provisions of the Health Insurance Portability and Accountability Act (HIPAA), 42 USC 1320d *et seq.*, and the Michigan Mental Health Code, MCL 330.1001,[1] not to disclose confidential medical records to a third party without plaintiff's consent and contrary to her "express instructions to it that it not do that."

Defendant eventually moved for summary disposition under MCR 2.116(C)(8) for failure to state a claim. Defendant argued that sending plaintiff's medical records to her therapist at KPEP did not constitute a public disclosure because the therapist was only one person, not the general public, and the disclosure to the therapist did not create a situation where plaintiff's private information was substantially certain to become public knowledge. Defendant also argued that it appropriately sent plaintiff's medical information to plaintiff's therapist for purposes of coordinating plaintiff's treatment in compliance with federal and state law, neither of which required plaintiff's consent.

Plaintiff opposed the motion. Plaintiff argued that disclosure of embarrassing facts to one person could be sufficient to establish unlawful publication such that plaintiff had stated a legally cognizable claim for public disclosure of private facts. Additionally, plaintiff argued that defendant's disclosure was not in compliance with federal and state law because there was no collaboration existing between defendant and KPEP before the disclosure was made and plaintiff had specifically forbidden such collaboration.

The trial court granted defendant's motion for summary disposition, concluding that plaintiff had failed to state a claim for public disclosure of private facts because the information had not been "disseminated to a public entity or to the general public" and that plaintiff had failed to state a negligence claim because there had been no statutory violation by defendant. This appeal followed.

## II. STANDARD OF REVIEW

A trial court's summary disposition ruling is reviewed "de novo to determine if the moving party is entitled to judgment as a matter of law." *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

> A motion under MCR 2.116(C)(8) tests the *legal sufficiency* of a claim based on the factual allegations in the complaint. When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone. A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify

---

[1] Plaintiff also referenced a related Michigan administrative code rule.

recovery. [*El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159-160; 934 NW2d 665 (2019) (citations omitted).]

## III. ANALYSIS

We first address plaintiff's public-disclosure-of-private-facts claim.

The common-law right of privacy is said to protect against four types of invasion of privacy.

> 1. Intrusion upon the plaintiff's seclusion or solitude, or into his private affairs.
>
> 2. Public disclosure of embarrassing private facts about the plaintiff.
>
> 3. Publicity which places the plaintiff in a false light in the public eye.
>
> 4. Appropriation, for the defendant's advantage, of the plaintiff's name or likeness.' [*Tobin v Mich Civil Serv Comm*, 416 Mich 661, 672; 331 NW2d 184 (1982) (quotation marks and citations omitted).]

The instant case involves only the second of these four types: the public disclosure of embarrassing private facts. This tort "requires that the disclosed information be highly offensive to a reasonable person and of no legitimate concern to the public." *Swickard v Wayne Co Med Examiner*, 438 Mich 536, 549; 475 NW2d 304 (1991).

In ruling in favor of defendant, the trial court determined that plaintiff had failed to state a claim for public disclosure of private facts because the disclosure to KPEP did not constitute a disclosure to the "general public." The parties' appellate arguments also focus almost entirely on the publicity element of the claim. Thus, the issue for this Court to consider with respect to plaintiff's public-disclosure-of-private-facts claim in the context of defendant's motion under MCR 2.116(C)(8) is whether the factual allegations in plaintiff's complaint, when accepted as true, satisfy the publicity element. See *El-Khalil*, 504 Mich at 159-160.

In *Beaumont v Brown*, 401 Mich 80, 99, 102, 104-105; 257 NW2d 522 (1977), overruled in part on other grounds by *Bradley v Saranac Community Sch Bd of Ed*, 455 Mich 285; 565 NW2d 650 (1997),[2] our Supreme Court engaged in a lengthy analysis of the appropriate standard to apply in defining the nature of the "publicity" necessary to show an unlawful public disclosure of embarrassing private facts, concluding that establishing this tort required "unnecessary publicity" or "an unreasonable and serious interference with the plaintiff's interest in not having his affairs known to others." (Quotation marks and citations omitted.) Determining whether this standard has been satisfied is generally a fact question that depends on the circumstances present in each individual case. See *id*. at 100 ("Only after a careful study of the facts in plaintiff's case will we

---

[2] In *Bradley*, 455 Mich at 302, the Michigan Supreme Court overruled *Beaumont* only to the extent that it conflicted with the Freedom of Information Act.

be able to decide whether a fact question has been presented on the issue of public disclosure."). The *Beaumont* Court made it clear that this determination was not based on a numerical measure of the number of people receiving the disclosure and that publication of the embarrassing facts to only a single person can constitute the requisite publicity under certain circumstances. *Id.*

Furthermore, noting that the Court of Appeals previously addressed the publicity requirement of this tort under a standard requiring "communication to the general public as opposed to a few" or "communication . . . to the public in general or . . . to a large number of people," our Supreme Court specifically held in *Beaumont* that "the Court of Appeals language is unduly restrictive." *Id.* at 104 (quotation marks and citations omitted). The Supreme Court explained that, unlike the Court of Appeals, it employed a "more liberal standard" by focusing on " 'unnecessary publicity' " and the " 'unreasonable and serious interference' with one's privacy." *Id.* The Supreme Court further explained its reasoning as follows:

> "[U]nnecessary publicity" does not call to mind the necessity of publication to everyone and there certainly can be "unreasonable and serious interference" with one's privacy without everyone being informed. This raises a question as to the Court of Appeals language "communication . . . to the public in general or . . . to a large number of people" or "communication to the general public as opposed to a few".
>
> To begin with "communication to the general public" is somewhat ambiguous, because a communication rarely, if ever, reaches everyone. It is therefore in order to consider the significance of communicating to the public. Communication of embarrassing facts about an individual to a public not concerned with that individual and with whom the individual is not concerned obviously is not a "serious interference" with plaintiff's right to privacy, although it might be "unnecessary" or "unreasonable". An invasion of a plaintiff's right to privacy is important if it exposes private facts to a public whose knowledge of those facts would be embarrassing to the plaintiff. Such a public might be the general public, if the person were a public figure, or *a particular public such as fellow employees, club members, church members, family, or neighbors, if the person were not a public figure.*
>
> *Here we have developed the criterion of a particular public, whose knowledge of the private facts would be embarrassing to the plaintiff, and this criterion is not consonant with the two generalizations of the Court of Appeals.* . . . [W]e do not engage in a numbers game and therefore we leave the criterion here announced to be illustrated by this and future cases. [*Id.* at 104-105 (emphasis added).]

The plaintiff in *Beaumont*, who had been employed by the Michigan Department of Labor and served in the United States Army Reserves, filed an invasion-of-privacy suit based on a letter containing derogatory statements about the plaintiff that had been sent by the Department of Labor's personnel director to the "AGUC-TAD, United States Army Reserve Components Personnel and Administration Center." *Id.* at 85-86, 88. The plaintiff alleged "as proof of the lack of security given the letter, that knowledge of the letter reached him later through rumor." *Id.* at

99. Applying the standard explained above, the Supreme Court concluded that the facts alleged by the plaintiff presented a "compelling picture of private facts being given unnecessary publicity," explaining that

> [a]lthough defendants allege that the letter was addressed only to "United States Army Reserve Adjutant General", it is contended by plaintiff that such an allegation does not present a realistic view of the situation, there being "no secrets in State government" (61a) and likewise the Army. Plaintiff implies that letters from or to government agencies are not the same as letters between individuals, even if the letters are addressed to individuals within the government. Plaintiff contends that defendants were attempting to disparage his position with the U. S. Army Reserve and that as a result of the letter his records were flagged and elimination proceedings were started. Due to the nature of the derogatory remarks contained in the letter, it was sure to be circulated through the Army's bureaucracy.
>
> These circumstances would tend to support the view expressed by plaintiff that this letter, although technically addressed to an individual within the government structure, is a "publication" to more than the addressee. [*Id*. at 102.]

The Supreme Court further stated,

> In this case, the plaintiff's affidavits stated that the alleged exposure of embarrassing private facts in defendant's letter was a conspiracy to cause an investigation of him by the Army and that a letter sent with such a purpose to the head of a large bureaucracy would, in the nature of things, have to officially pass through many hands and unofficially pass through many more. We hold that such allegations of publication were sufficient allegations of "unnecessary publicity" and "unreasonable and serious interference" with plaintiff's right to privacy to allow the case to go to the jury. [*Id*. at 105.][3]

Here, plaintiff alleged that defendant disclosed information about her substance abuse to her therapist contrary to her clearly expressed desire to prohibit that disclosure. Under the standards for the publicity requirement for establishing the tort of public disclosure of embarrassing private facts enunciated by our Supreme Court in *Beaumont*, the trial court in this case erred by employing an incorrect standard and ruling that plaintiff had failed as a matter of law to state a claim for public disclosure of embarrassing private facts solely because the disclosure

---

[3] The *Beaumont* Court also held that the fact that the letter had been introduced into the public record by being included in the transcript of the Civil Service Commission case against him related to the termination of his employment with the Department of Labor constituted "sufficient allegations of 'unnecessary publicity' and 'unreasonable . . . interference' with plaintiff's right to privacy to allow the case to go to the jury." *Beaumont*, 401 Mich at 106. However, the Supreme Court considered this as a separate means of showing the requisite publicity, independent from the initial public disclosure evidenced by the circumstances surrounding the actual sending of the letter itself. See *id*.

was not made "to a public entity or to the general public." See *id*. at 104-105. The *Beaumont* Court specifically rejected an analysis based on a numerical calculation or requiring the disclosure to be to the general public or a large number of people. *Id*. The *Beaumont* Court also specifically held that disclosure to one person could be sufficient publicity depending on the circumstances. *Id*. at 100. Here, plaintiff alleged that defendant disclosed the information to her therapist who in turn passed the information on to plaintiff's parole officer.[4]

Accepting plaintiff's factual allegations as true, these allegations are sufficient to meet the publicity requirement set forth in *Beaumont*, showing unnecessary publicity or serious interference with plaintiff's right to privacy through the disclosure of her medical information to a particular public whom plaintiff did not wish to have such information. See *id*. at 100, 104-105. The bar that a plaintiff must clear to survive a motion for summary disposition under MCR 2.116(C)(8) is relatively low. See *El-Khalil*, 504 Mich at 162 ("While the lack of an allegation can be fatal under MCR 2.116(C)(8), the lack of evidence in support of the allegation cannot. . . . The relative strength of the evidence offered by plaintiff and defendants will matter if the court is asked to decide whether the record contains a genuine issue of material fact. But that is only a question under MCR 2.116(C)(10)."); *Dalley v Dykema Gossett*, 287 Mich App 296, 305; 788 NW2d 679 (2010) ("[T]he primary function of a pleading in Michigan is to give notice of the nature of the claim or defense sufficient to permit the opposite party to take a responsive position.") (quotation marks and citation omitted; alteration in original); MCR 2.111(B)(1) (requiring a complaint to include a "statement of the facts, without repetition, on which the pleader relies in stating the cause of action, with the specific allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called on to defend."). Plaintiff's complaint alleged a public disclosure consistent with the standard announced by our Supreme Court in *Beaumont* and that was sufficient to reasonably inform defendant of the nature of this element of the claim. Accordingly, the trial court erred by determining that her claim failed as a matter of law on the basis that she did not sufficiently allege the publicity element of her claim.

Nonetheless, defendant maintains that the trial court's ruling was correct and cites several published decisions of this Court for the general proposition that the publicity element requires that the information was communicated " 'to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge.' " *Doe v Henry Ford Health Sys*, 308 Mich App 592, 598; 865 NW2d 915 (2014), quoting Restatement, Torts 2d, § 652D, comment a, p 384; see also *Lansing Ass'n of Sch Administrators v Lansing Sch Dist Bd of Ed*, 216 Mich App 79, 89; 549 NW2d 15 (1996), aff'd in part and reversed in part sub nom. *Bradley*, 455 Mich at 289, 290-291, 292, 301, 302, 305[5] ("Also, according to 3 Restatement Torts, 2d, § 652D, p. 384, the term 'publicity' involves a communication to so many persons that the matter is substantially certain to become public knowledge."); *Nyman v Thomson Reuters*

---

[4] The trial court took judicial notice of the fact that information received by KPEP would generally be passed along to the parole office.

[5] In *Bradley*, the Supreme Court "affirm[ed] the decision of the Court of Appeals that the plaintiffs' records must be disclosed, but reject[ed] its analysis." *Bradley*, 455 Mich at 305.

*Holdings, Inc*, 329 Mich App 539, 551; 942 NW2d 696 (2019) (quoting the preceding statement from *Lansing Ass'n of Sch Administrators*). Defendant also refers to this Court's statement in *Nyman* that a "defendant does not invade a plaintiff's right of privacy by communicating a fact 'concerning the plaintiff's private life to a single person or even to a small group of persons.' " *Nyman*, 329 Mich App at 551, quoting *Lansing Ass'n of Sch Administrators*, 216 Mich App at 89.

We acknowledge the complication that is presented by the existence of these decisions, given that this Court is obviously bound both by decisions of our Supreme Court and published decisions of this Court issued on or after November 1, 1990. *Associated Builders & Contractors v Lansing*, 499 Mich 177, 191-193; 880 NW2d 765 (2016); MCR 7.215(J)(1). However, to the extent these cases conflict, we are bound to follow the Supreme Court's rule because *Beaumont* has not been overruled by our Supreme Court with respect to the rule it announced regarding the publicity requirement for the tort of public disclosure of embarrassing private facts. See *Associated Builders*, 499 Mich at 191-193 ("The Court of Appeals is bound to follow decisions by this Court except where those decisions have *clearly* been overruled or superseded *and is not authorized to anticipatorily ignore our decisions where it determines that the foundations of a Supreme Court decision have been undermined*. . . . '[I]t is the Supreme Court's obligation to overrule or modify case law if it becomes obsolete, and until this Court takes such action, the Court of Appeals and all lower courts are bound by that authority.' ") (citations omitted; alteration in original).

Furthermore, the pertinent language relied on by defendant from these decisions of this Court comes from the Restatement (Second) of Torts. Defendant has not provided, and this Court has not uncovered any decision of our Supreme Court adopting this particular language. Although our Supreme Court affirmed the result of this Court's decision in *Lansing Ass'n of Sch Administrators*, which quoted the language at issue from the Restatement without citing any accompanying Michigan caselaw, our Supreme Court specifically rejected this Court's analysis in *Lansing Ass'n of Sch Administrators*. See *Bradley*, 455 Mich at 305 ("We affirm the decision of the Court of Appeals that the plaintiffs' records must be disclosed, but reject its analysis."); see also *id*. at 290-292, 301, 302 (agreeing with the result reached by the Court of Appeals but concluding that the "the Court of Appeals erred" by examining the common-law right to privacy for a reason to prevent disclosure of the records rather than analyzing the matter under the Freedom of Information Act).[6] Indeed, the language on which defendant now relies is much like that which the Supreme Court in *Beaumont* specifically rejected as "unduly restrictive." *Beaumont*, 401 Mich at 104. Instead, the standard as announced by our Supreme Court is whether there was "unnecessary publicity" or an "unreasonable and serious interference with the plaintiff's interest in not having his affairs known to others." *Id*. (Quotation marks and citations omitted.) In this case, the trial court erred by failing to apply this standard to the publicity element and dismissing plaintiff's public-disclosure-of-private-facts claim under MCR 2.116(C)(8) as a result.

---

[6] To the extent that our Supreme Court denied leave to appeal in subsequent cases where this Court cited *Lansing Ass'n of Sch Administrators*, a denial of leave to appeal by our Supreme Court "do[es] not establish a precedent." *Haksluoto v Mt Clemens Regional Med Ctr*, 500 Mich 304, 313 n 3; 901 NW2d 577 (2017).

With respect to plaintiff's negligence claim, plaintiff maintains that defendant negligently disclosed her "private substance abuse records" contrary to her express written prohibition on such disclosure and in violation of various provisions of HIPAA and the Michigan Mental Health Code.

"[I]n order to state a negligence claim on which relief may be granted, plaintiffs must prove (1) that defendant owed them a duty of care, (2) that defendant breached that duty, (3) that plaintiffs were injured, and (4) that defendant's breach caused plaintiffs' injuries." *Henry v Dow Chem Co*, 473 Mich 63, 71-72; 701 NW2d 684 (2005).

Here, the parties' arguments are focused only on the element of "breach," with plaintiff asserting that defendant breached its duty of care by disclosing her information contrary to her written prohibition. However, plaintiff fails to cite *any* legal authority to support her position. Although plaintiff generally claims that defendant violated various provisions of federal and state law, plaintiff has not identified any specific provision that was allegedly violated by the conduct that she alleges was wrongful and plaintiff has consequently failed to make it apparent how she believes the trial court erred. Plaintiff has therefore abandoned this issue on appeal. *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998) ("[A] mere statement without authority is insufficient to bring an issue before this Court. It is not sufficient for a party simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position.") (quotation marks and citation omitted). Accordingly, we affirm the trial court's grant of summary disposition in favor of defendant with respect to plaintiff's negligence claim.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. No costs are awarded. MCR 7.219(A).

/s/ Stephen L. Borrello
/s/ David H. Sawyer
/s/ Deborah A. Servitto